FILED
JUN 1 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

LYDIA D. RAYMOND                             :
260 45TH Street, N.E.                       :
Washington, D.C.  20019                      :
                                             :   Case: 1:07-cv-01037
            Plaintiff,                       :   Assigned To : Kennedy, Henry H.
v.                                           :   Assign. Date : 6/11/2007
                                             :   Description: PI/Malpractice
WASHINGTON METROPOLITAN AREA                 :
      TRANSIT AUTHORITY   ("WMATA")          :
600 Fifth Street, N.W.                       :
Washington, D.C. 20001                       :
            Defendant                        :

JURY ACTION

## NOTICE OF REMOVAL

Comes now the Defendant, pursuant to 28 U.S.C. §§ 1441(a) and 1446 and D.C. Code Ann. § 9-1107.01(81) (2001) and gives notice that the instant action is removed from the Superior Court of the District of Columbia to this Court. The removal is based upon the following grounds:

1.  On May 9, 2007, the Plaintiff filed a Complaint against the Defendant in the civil division of the Superior Court of the District of Columbia.  A copy of the Complaint and Summons in that action, <u>Lydia D. Raymond v.WMATA</u>, 2007 CA 003233, as well as the Superior Court's Initial Order in that case are attached hereto as "A."

2.  The Defendant voluntarily answered in Superior Court on June 4, 2007 (Exhibit B), after receiving a copy of the complaint in its Office of General Counsel on May 14, 2007.

3.  This is a civil action in which this Court has original jurisdiction under the

1

WMATA Compact, Public Law 89-774, paragraph 81, approved by Congress on November 6, 1966, as amended, reprinted at D.C. Code 9-1107.01, Section 81, which provides:

> The United States District Courts shall have original jurisdiction, concurrent with the Courts of Maryland and Virginia, of all actions brought by or against the Authority and to enforce subpoenas issued under this Title. Any such action initiated in a State Court shall be removable to the appropriate Untied States District Court in the manner provided by Act of June 25, 1948, as amended (28 U.S.C. 1446).

Respectfully submitted,

Carol O'Keeffe, # 036293
General Counsel

_____
Mark F. Sullivan, # 430876
Deputy General Counsel

_____
Janice L. Cole, # 440351
Associate General Counsel
600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2543

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Defendant WMATA's Notice of Removal was mailed, postage prepaid, on this 11th day of June, 2007, to:

Alan S. Feld
Attorney for Plaintiff
4610 Elm Street
Bethesda, Maryland 20815-6051
(301) 656-1177

_____
Janice L. Cole

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Lydia D. Raymond
260 45th Street, N.E.
Washington, DC 20019

1100/

## DEFENDANTS
Washington Metropolitan Area Transit Authority
600 Fifth St., N.W.,
Washington, DC 20001

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Alan S. Feld
4610 Elm Street
Bethesda, MD 20815-6051
(301) 656-1177

Case: 1:07-cv-01037
Assigned To : Kennedy, Henry H.
Assign. Date : 6/11/2007
Description: PI/Malpractice

*JURY ACTION* (stamp)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ⊙ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☒ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
○ 1 Original Proceeding   ⦿ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
28 U.S.C. Sections 1441(a) and 1446 and DC Code Ann Section 9-1107(81) (2001); Plaintiff is a bus passenger claiming injuries in a bus-car accident

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ 250,000.00   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 06/08/2007   SIGNATURE OF ATTORNEY OF RECORD _[signature]_

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LYDIA D RAYMOND
Vs.
WASHINGTON METROPOLITAN AREA TRANSIT

C.A. No.   2007 CA 003233 B

### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MARY A TERRELL
Date:  May 9, 2007
Initial Conference: 9:15 am, Friday, August 31, 2007
Location:  Courtroom 219
    500 Indiana Avenue N.W.
    WASHINGTON, DC 20001

07 1037

**FILED**

JUN 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



Caio.doc

# ADDENDUM TO INITIAL ORDER AFFECTING
# ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001  Telephone: 879-1133

Lydia D. Raymond

*Plaintiff*

vs.

Washington MEtropolitan Area Transit Authority
Setve:          *Defendant*
General Counsel

0003233-07

Civil Action No. _____

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Alan S. Feld, Esq.
Name of Plaintiff's Attorney

4610 Elm St.
Address
Bethesda, MD 20815

301.656.1177 x315
Telephone

By _____
                Deputy Clerk

Date _____

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

CV(6)-456/May 03

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

Lydia D. Raymond　　　　　　　　　*
260 45th Street, NE　　　　　　　　 *
Washington, DC 20019　　　　　　  *　　　0003233-07
　　Plaintiff　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　*
vs.　　　　　　　　　　　　　　　　*　　Civil No. _____
　　　　　　　　　　　　　　　　　　*
Washington Metropolitan Area Transit　*
Authority　　　　　　　　　　　　　 *
d/b/a Metro Bus　　　　　　　　　　 *
600 Fifth Street, NW　　　　　　　　 *
Washington, DC 20001　　　　　　　 *
　　SERVE:　　　　　　　　　　　　 *
General Counsel　　　　　　　　　　 *
　　Defendant　　　　　　　　　　　 *
　　　　　　　　　　　　　　　　　　*



RECEIVED
Civil Clerk's Office
MAY 0 9 2007
Superior Court of the
District of Columbia
Washington, D.C.

# COMPLAINT

**COMES NOW** the plaintiff, Lydia D. Raymond, by and through her attorneys, Bulman, Dunie, Burke & Feld, Chartered, and Alan S. Feld, and sues the defendant, Washington Metropolitan Area Transit Authority, d/b/a Metro Bus (hereinafter WMATA) and for cause of action states as follows:

## JURISDICTION

1.　The accident giving rise to this Complaint occurred on or about October 7, 2004 on 16th, N.W., at or near its intersection with Van Buren Street, N.W., Washington, D.C. Jurisdiction is vested in this Court by virtue of D.C. Code § 13-423(a) (3).

## COUNT I (Negligence)

2.　That on or about, October 7, 2004, the plaintiff, Lydia D. Raymond, was a paying passenger on Metro Bus, owned by, Defendant, WMATA, and being operated by its agent, servant, and employee, Craig Curry, which was southbound on 16th Street, N.W., Washington, D.C. The driver of the bus was unable to come to a complete stop for the traffic conditions and collided with

BULMAN, DUNIE,
BURKE & FELD
CHARTERED
ATTORNEYS AT LAW
4610 ELM STREET
BETHESDA, MD 20815

(301) 656-1177
FAX (301) 986-9719
ww.bulmandunie.com

another vehicle, which was lawfully stopped for a read light.

2.	The vehicle being operated by the Defendant's agent, servant, permissive user, and employee struck the rear of a vehicle stopped for a red light and the impact caused the Plaintiff, to be thrown about inside the bus. The defendant, WMATA, by and through its agent, servant and employee, negligently operated its vehicle and failed to control it thereby causing the plaintiff serious and severe injuries.

3.	It was the duty of the defendant, WMATA, to operate its vehicle, as a common carrier, with the highest degree of care for its passengers. In breach thereof, the Defendant, WMATA, operated its vehicle in a negligent and careless manner in violation of the motor vehicle laws and regulations in the District of Columbia then and there in full force and effect, when its agent, servant and employee failed to devote full time and attention to the operation of the vehicle, failed to keep a proper lookout, by operating its vehicle in a careless and negligent manner, by failing to exercise the highest degree of care for the safety of other users of the road in general and the plaintiff in particular, by failing to take necessary precautions to avoid an injury for their passengers, and by failing to control its vehicle to avoid colliding.

4.	As a direct result of the negligence of the Defendant, as aforesaid, the plaintiff was caused injury and damages. The entire incident was due to the negligence of the defendant without any negligence on the part of the plaintiff thereto contributing.

5.	As a proximate result of the negligence of the defendant, as aforesaid, the plaintiff, Lydia D. Raymond, sustained permanent and painful injuries in and about her neck, back, chest, body and limbs, as well as other personal injuries; she has suffered and in the future will suffer

BULMAN, DUNIE,
BURKE & FELD
CHARTERED
ATTORNEYS AT LAW
4610 ELM STREET
BETHESDA, MD 20815

(301) 656-1177
FAX (301) 986-9719
ww.bulmandunie.com

2

pain, anxiety, and mental anguish; she has incurred and in the future will incur expenses for hospital, medical care and medicines and associated items; she has been and in the future may be unable to pursue her usual and gainful occupation and normal activities.

**WHEREFORE**, the premises considered, the plaintiff, Lydia D. Raymond, demands judgment against the defendant, Washington Metropolitan Area Transit Authority in the sum of Two Hundred and Fifty Thousand Dollars, ($250,000), plus interest and costs.

                                         **BULMAN, DUNIE, BURKE & FELD, CHTD**

                                         By: _____
                                            ALAN S. FELD
                                            Attorney for Plaintiff
                                            4610 Elm Street
                                            Bethesda, MD 20815-6051
                                            (301) 656-1177

### JURY DEMAND

The plaintiff, Lydia D. Raymond, hereby demands a trial by jury on all issues herein.

                                            _____
                                            ALAN S. FELD

BULMAN, DUNIE, BURKE & FELD
CHARTERED
ATTORNEYS AT LAW
4610 ELM STREET
BETHESDA, MD 20815

(301) 656-1177
FAX (301) 986-9719
ww.bulmandunie.com

3

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| LYDIA D. RAYMOND<br>260 45TH Street, N.E.<br>Washington, D.C.  20019<br><br>                    Plaintiff,<br>v.<br><br>WASHINGTON METROPOLITAN AREA<br>        TRANSIT AUTHORITY   ("WMATA")<br>600 Fifth St., N.W.<br>Washington, D.C.  20001<br><br>                    Defendant. | :<br>:<br>:<br>:<br>:<br>:  Civil No.  2007 CA 003233 B<br>:  Judge Mary A. Terrell<br>:  Next Event: Initial Conference<br>:  August 31, 2007 at 9:15 a.m.<br>:<br>:<br>:<br>:<br>: |

## ANSWER OF DEFENDANT WMATA

### FIRST DEFENSE

The Complaint herein fails to state a cause of action against Defendant, the Washington Metropolitan Area Transit Authority ("WMATA"), for which relief may be granted.

### SECOND DEFENSE

1. WMATA denies that jurisdiction of this Court is founded on D.C. Code § 13-423(a)(3), as alleged in Paragraph One of the Complaint, but admits that this Court has jurisdiction pursuant to D.C. Code §§ 9-1107.01(81) and 9-1107.10. WMATA admits the remainder of the allegations of Paragraph 1 of the Complaint.

2. WMATA admits that its employee, Craig Curry, was operating a WMATA bus with WMATA's permission on October 7, 2004 on southbound 16th Street, N.W., Washington, D.C. WMATA is without information sufficient to admit or deny the remainder of the allegations of Paragraph Two of Plaintiff's Complaint.  The allegations are therefore denied.

2 [sic]. WMATA admits that contact was made between a stopped car and the Metrobus



07 1037

FILED

JUN 1 1 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

operated, with WMATA's permission, by its employee, Craig Curry. WMATA denies the remainder of the allegations of Paragraph Three, numbered as Paragraph Two, of Plaintiff's Complaint.

3.[sic] WMATA states the allegations of Paragraph Four, numbered as Paragraph Three, constitute legal conclusions to which no response is necessary; to the extent that a response is necessary, they are denied.

4.[sic] WMATA denies the allegations of Paragraph Five, numbered as Paragraph Four of Plaintiff's Complaint.

5. [sic]. WMATA denies the allegations in Paragraphs Six, numbered as Paragraph Five of Plaintiff's Complaint.

## THIRD DEFENSE

_____WMATA reserves the right to assert the defense that, if the Plaintiff was injured as alleged in the complaint, her injuries, if any, were the sole result of the acts of a person or persons other than WMATA or WMATA's servants, agents, or employees acting within the scope of their employment.

## FOURTH DEFENSE

WMATA reserves the right to assert that Plaintiff's action is barred in whole, or in part, by Section 80 of the WMATA Compact.

## FIFTH DEFENSE

WMATA reserves the right to assert the defense that, if the Plaintiff was injured as alleged in the complaint, the injuries, if any, were caused by her contributory negligence and/or assumption of risk.

**SIXTH DEFENSE**

WMATA reserves the right to assert that the injuries Plaintiff claims as a result of the incident alleged in his Complaint are neither causally related to the incident, reasonable, nor necessary.

**SEVENTH DEFENSE**

WMATA intends to rely on all defenses available from the evidence at the time of any trial and expressly reserves the right to assert such a defense as the facts become known.

**EIGHTH DEFENSE**

WMATA asserts that Plaintiff's claim is barred by the statute of limitations.

Further answering the Complaint, WMATA denies all allegations of negligence and other improper conduct and further denies all allegations not specifically admitted or otherwise answered.

WHEREFORE, having fully answered the Complaint, WMATA respectfully requests that this matter be dismissed and that it be awarded costs.

Respectfully submitted,

WASHINGTON METROPOLITAN AREA
 TRANSIT AUTHORITY

Carol B. O'Keeffe #445277
General Counsel

/s/ Mark F. Sullivan
Mark F. Sullivan #430876
Deputy General Counsel
msullivan@wmata.com


/s/ Janice L. Cole
Janice L. Cole  #440351
Associate General Counsel - WMATA

600 Fifth Street, N.W.
Washington, D.C. 20001
(202) 962-2543
jlcole@wmata.com

## DEMAND FOR JURY TRIAL

Defendant WMATA requests a jury trial in this matter.

/s/ Janice L. Cole
Janice L. Cole #440351

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of June 2007, a copy of the foregoing Answer of Defendant WMATA and Demand for Jury Trial was mailed, first class postage prepaid, to:

Alan S. Feld
Attorney for Plaintiff
4610 Elm Street
Bethesda, Maryland 20815-6051
(301) 656-1177

/s/ Janice L. Cole
Janice L. Cole #440351

eFiling for Courts - Electronic Service of Copies

Proof of Service

Jurisdiction: Civil Actions
Cause Number: 2007 CA 003233 B
Trace Number: ED301J020031531
Court Assignment: D.C. Superior Court
Style/Case Name: Lydia Raymond v. WMATA
Date and Time of Service: 06/04/2007 04:57:55 PM
Serving Party Name: Janice L. Cole
Documents:
Answer.pdf

| Parties of Record | Delivery Type |
|---|---|
| Mary Terrell<br>Filer Services | Electronic |
| Alan S. Feld<br>CaseFile Xpress | Electronic |